IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**PARTHA SARATHI KATARI,**            )
                                      )
            Plaintiff,                )
                                      )
      v.                              )          2:25cv560
                                      )          **Electronic Filing**
**WABTEC, INC.**                      )
                                      )
            Defendant.                )

## <u>**MEMORANDUM**</u>

Proceeding *pro se*, Partha Katari ("plaintiff") commenced this action on April 28, 2025, alleging Wabtec Inc., ("defendant"), violated Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Pennsylvania Human Relations (PHRA).  Defendant filed a motion to compel arbitration and stay proceedings on July 2, 2025.  On March 23, 2026, the court granted defendant's motion.  Presently before this court is plaintiff's motion to reconsider the March 23, 2026, order.  For the following reasons, plaintiff's motion will be denied.

Plaintiff attempts to bring this motion pursuant to Rules 54(b) and 59(e).  He declares that the court's March 23, 2026, order (ECF No. 20) is not a final order and insists that this court enter judgment pursuant to Rule 54(b).  ECF No. 23 at 1.  This position is misguided and procedurally incorrect for a myriad of reasons.  First, multiple courts have held that an order compelling arbitration is a final judgment.  <u>See, e.g.,</u> <u>Zhang v. Dorrance Publishing Co.</u>, 2025 WL 746294 at * 6 (W.D. Pa. Feb. 12, 2025) ("[T]he Federal Arbitration Act. . . is instructive. The FAA considers an order compelling arbitration. . . to be a final decision.  9 U.S.C. § 16[.]"); <u>see</u> <u>also</u> <u>Towers, Perrin, Forster, & Crosby, Inc. v. Brown</u>, 732 F.2d 345, 349 (3d Cir. 1984) (holding that a California state court order denying arbitration was a final order, and observing that a decision to compel arbitration is conclusive as to that issue).

As the court's order compelling arbitration is a final judgment, Fed. R. CIV. P. 59(e) governs motions for reconsideration.  A party seeking to alter or amend judgment must file such a motion within 28 days of the entry of judgment.  FED. R. CIV. P. 59(e).

Here, by plaintiff's own admission he has failed to timely file his motion for reconsideration.  ECF No. 23 at 1.  Therefore, plaintiff's motion is untimely and will be denied as such.

But even assuming for the sake of argument that plaintiff's untimeliness should be overlooked, he has failed to present justified grounds for the relief he seeks.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).  A judgment may be altered or amended if the party seeking reconsideration demonstrates one of the following narrowly defined circumstances: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available at the time of the court's decision; or, (3) the need to correct a clear error of law or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Here, plaintiff cannot establish an intervening change in controlling law, newly discovered evidence previously unavailable to him, or a clear error of law.  Plaintiff merely makes a thinly veiled attempt at relitigating the merits of his brief opposing arbitration.  Such matters and arguments were clearly available to plaintiff when he initially opposed defendant's motion to compel.  Reiteration of the same at this juncture does not satisfy the demanding standard controlling the relief plaintiff seeks.

For the foregoing reasons, plaintiff's motion for reconsideration will be denied.

An appropriate order will follow.

Date: <u>May 11, 2026</u>

<u>s/ David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge

cc:    James A. Holt, Esquire

       (*Via CM/ECF Electronic Mail*)

       Partha Sarathi Katari
       651 Chilliwack Lane
       Mars, PA 16046

       (*Sent Via First Class Mail*)